WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Travis Grant, *et al.*, | No. CV-21-00108-PHX-JJT |
| Plaintiffs, | **ORDER** |
| v. | |
| Andrew Ivchenko, *et al.*, | |
| Defendants. | |

At issue are two motions: Defendants' Second Motion for More Definite Statement (Doc. 20, DMMDS), to which Plaintiffs filed a Response (Doc. 24), and Defendants filed a Reply (Doc. 25), and Defendants' Second Motion to Strike the Amended Complaint (Doc. 21, DMTS), to which Plaintiffs filed a Response (Doc. 22), and Defendants filed a Reply (Doc. 23). Both Motions are denied.

**I.   BACKGROUND**

Plaintiffs, Travis Grant, Mariel Grant, and Kyle Grant, and Defendants, Andrew Ivchenko and Renee Ivchenko, have engaged in serial litigation stemming from Plaintiffs' operation of multiple content aggregation websites that republish arrest records and mugshots from state and local law enforcement. The Court summarizes in relevant part the underlying dispute and ensuing legal battles, as alleged in the Amended Complaint ("Amended Complaint") and asserted in the briefing.

**A.   Mrs. Ivchenko's Arrest**

In April 2018, Mrs. Ivchenko was arrested by Scottsdale Police and later transferred

to the Maricopa County Sheriff's Office ("MCSO") for booking. (Doc. 14, Am. Compl. ¶¶ 50-54.) MCSO published Mrs. Ivchenko's mugshot on the internet, which Plaintiffs' websites republished. (Am. Compl. ¶ 55.) In October of 2018, Plaintiffs allege Defendants used an online form to request Mrs. Ivchenko's mugshot be removed from Plaintiffs' websites on the grounds that her case had been dismissed. (Am. Compl. ¶ 66.) In response to Defendants' request, Plaintiffs added the word "DISMISSED" next to Mrs. Ivchenko's mugshot but did not remove her photo from their websites. (Am. Compl. ¶ 67.)

### B.     The Copyright Application

In March 2019, Plaintiffs allege Defendants submitted an application to the United States Copyright Office for an "Untitled" visual work (the "Copyright Application"). (Am. Compl. ¶ 68.) According to Plaintiffs, the work that was the subject of the application was Mrs. Ivchenko's mugshot and, based on Defendants' representations in the application, the Copyright Office registered the work, assigning it Registration Number VA0002154452. (Am. Compl. ¶¶ 69, 71.) After receiving a registration number, Plaintiffs contend Defendants sent at least five takedown demands under the Digital Millennium Copyright Act ("DMCA"), one of which was directed at Plaintiffs' websites. (Am. Compl. ¶¶ 77; 265-269.)

### C.     Past Litigation

On May 9, 2019, Plaintiffs claim Mr. Ivchenko filed his first complaint ("Case A") against Plaintiffs in Maricopa County Superior Court. (Am. Compl. ¶ 91.) Case A's complaint alleged, among other things, that Plaintiffs, by republishing Mrs. Ivchenko's name, mugshot, and arrest information, violated Mrs. Ivchenko's rights. (Am. Compl. ¶ 92.) On May 31, 2019, after the case was removed to federal court, Mr. Ivchenko voluntarily dismissed the case and Plaintiffs removed Mrs. Ivchenko's mugshot and arrest information from all of their websites.[1] (Am. Compl. ¶¶ 105-106).)

On December 17, 2019, Plaintiffs claim Defendants filed a second suit ("Case B") against Plaintiffs in Maricopa County Superior Court. (Am. Compl. ¶ 107.) The second

---

[1] Plaintiffs assert Mrs. Ivchenko's information was republished on Plaintiffs' websites after September 2020. (Am. Compl. ¶ 106.)

- 2 -

suit, which was later removed to federal court, included Mrs. Ivchenko and twenty anonymous others suing Plaintiffs for, among other things, violating the Arizona Mugshot Act (A.R.S. §§ 44-7901/7902). (Am. Compl. ¶ 136; Ex. G.) Like the first suit, Plaintiffs, defendants in Case B, claim Mrs. Ivchenko and the 20 anonymous others filed for voluntary dismissal of the case. (Am. Compl. ¶ 141.) Plaintiffs did not object to the case being dismissed without prejudice for the 20 anonymous others but asked that Mrs. Ivchenko's claims be dismissed with prejudice. (Am. Compl. ¶ 142.) Plaintiffs claim the District Court granted Plaintiffs' request ordering Mrs. Ivchenko's claims be dismissed with prejudice. (Am. Compl. ¶ 143.)

On May 1, 2020 Mr. Ivchenko filed a new action against Plaintiffs ("Case C") in Maricopa County Superior Court. (Am. Compl. ¶ 145.) Case C again included claims against Plaintiffs for, among other things, violating the Arizona Mugshot Act (A.R.S. § 44-7902(B)). (Am. Compl. ¶ 151.) Like Case A and Case B, plaintiffs in Case C also dismissed the case voluntarily after it was removed to federal court. (Am. Compl. ¶ 171.)

### D. Procedural History

The Amended Complaint in the present case lists seven causes of action including two malicious prosecution claims, two abuse of process claims, a request for declaratory relief, a request for vexatious litigant designation, and a False DMCA Notice Liability claim. To support the claims, Plaintiffs include descriptions and diagrams of Mrs. Ivchenko's arrest, the Copyright Application, and the three previous lawsuits. (*See* Am. Compl.)

## II. LEGAL ANALYSIS

Defendants raise two motions, the first alleging that they do not have notice of the claims against them because the Complaint's allegations are "convoluted, self-contradictory and insufficient to put Defendants on notice of the nature of the claims against them." (DMMDS at 2.) The second Motion requests certain allegations in the Amended Complaint be stricken "on the grounds that they are scandalous, impertinent, and prejudicial." (DMTS at 1.) The Court first turns to the Motion for More Definite Statement.

### A.    Federal Rule of Civil Procedure 12(e)

Rule 12(e) motions are generally disfavored and rarely granted. *Martinez v. United States*, No. 13-CV-955-TUC-CKJ, 2014 WL 5792330, at *2 (D. Ariz. Nov. 6, 2014). This is because they are "restricted to situations where a pleading suffers from unintelligibility rather than want of detail." *All. Labs, LLC v. Stratus Pharm., Inc.*, No. 12-CV-00927-JWS, 2013 WL 273404, at *1 (D. Ariz. Jan. 24, 2013). Thus, a court should deny such a motion if the complaint is specific enough to notify a defendant of the substance of the claim being asserted or if the detail sought by the motion is obtainable through discovery. *C.B. v. Sonora Sch. Dist.*, 691 F. Supp. 2d 1170, 1190–91 (E.D. Cal. 2010).

In their Motion for a More Definite Statement, Defendants argue each cause of action, except the seventh, requires a more definite statement before Defendants can respond. Neither the first, second, third, fourth, fifth, nor sixth cause of action suffers from unintelligibility. In fact, Defendants, in their Motion for More Definite Statement, re-articulate each cause of action and then attack each claim *on the merits*. For example, the first cause of action in the Amended Complaint is a tort claim for malicious prosecution/wrongful institution (or use) of civil proceedings ("WICP"). Defendants, in their Motion, list the elements required to prove a WICP claim and argue the facts pled are not sufficient to ultimately succeed on such a claim. (DMMDS at 7-10.) Defendants are free to challenge the merits of Plaintiffs' claims, but a Rule12(e) motion is not the appropriate vehicle to make such a challenge. Defendants' briefs make clear the Amended Complaint does not suffer from unintelligibility. Accordingly, the Amended Complaint is specific enough to notify the Defendants of the claims being asserted and a more definite statement is not necessary.

### B.    Federal Rule of Civil Procedure 12(f)

Defendants next request that certain allegations in the Amended Complaint be stricken. Rule 12(f) permits a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). The purpose of a Rule 12(f) motion to strike is "to avoid the expenditure of time and money

that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Sidney-Vinstein v. A.H. Robins Co.,* 697 F.2d 880, 885 (9th Cir. 1983). A statement is considered "scandalous" when it improperly casts a "cruelly derogatory light on a party." *Mazzeo v. Gibbons,* 649 F. Supp. 2d 1182, 1201-02 (D. Nev. 2009). However, when an allegation is relevant to a claim, then the allegation is "not subject to being stricken even if it is potentially embarrassing." *Mishra v. Tandon,* No. 12 C 50390, 2013 WL 887681, at *4 (N.D. Ill. Mar. 8, 2013); *see also Barba v. Lee*, No. CV 09-1115-PHX-SRB, 2009 WL 8747368, at *30 (D. Ariz. Nov. 4, 2009). Motions to strike may be granted if "it is clear that the subject matter to be stricken could have no possible bearing on the subject matter of the litigation." *LeDuc v. Kentucky Life Ins. Co.,* 814 F. Supp. 820, 830 (N.D. Cal. 1992).

Defendants first ask the Court to strike allegations related to Mrs. Ivchenko's criminal history because "this information is not necessary to any of the issues in this action." (DMTS at 5-7.) The Court strains to find any non-frivolous interpretation of Defendants' request. The recitation of Mrs. Ivchenko's criminal history forms the very basis for Case A as well as the history of the dispute presently before the Court. It is entirely relevant. Similarly, Defendants ask the Court to strike any reference to Defendants' copyright application. (DMTS at 7-11.) The Copyright Application directly relates to Plaintiffs' seventh cause of action. It too is entirely relevant. Lastly, Defendants ask the Court to strike certain allegations because they include "impertinent, scandalous and prejudicial language… including language such as 'attempt to defraud.'" (DMTS at 11.) None of the language in the Amended Complaint strikes the Court as impertinent, scandalous, or prejudicial. Therefore, the Court will deny Defendants' Motion to Strike.

**IT IS ORDERED** denying Defendants' Second Motion for a More Definite Statement (Doc. 20).

. . . .

. . . .

. . . .

. . . .

**IT IS FURTHER ORDERED** denying Defendants' Second Motion to Strike the Amended Complaint (Doc. 21).

Dated this 10th day of November, 2021.

_____
Honorable John J. Tuchi
United States District Judge